[Cite as *Parma v. Tayeh*, 2020-Ohio-1494.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

CITY OF PARMA,                          :

    Plaintiff-Appellee,          :

                                                No. 108227

    v.                                    :

ZIAD TAYEH,                             :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED IN PART AND REMANDED
**RELEASED AND JOURNALIZED:** April 16, 2020

---

Criminal Appeal from the Parma Municipal Court
Case Nos. 18-CRB-03580 and 18-TRC-10337

---

### *Appearances:*

Timothy G. Dobeck, Law Director, City of Parma, and John L. Reulbach, Jr., Assistant Prosecutor, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Ziad Tayeh, appeals from his convictions in Parma Municipal Court for possession of a dangerous drug in violation of former

R.C. 4729.51(C)(3),[1] and driving while under the influence of alcohol or drugs and failure to drive within marked lanes, in violation of city of Parma Codified Ordinances ("Cod. Ord.") 333.01(A)(1) and 331.08 respectively. Tayeh contends there was insufficient evidence to support his conviction for possession of a dangerous drug and that his trial counsel was constitutionally ineffective. We sustain Tayeh's assignment of error regarding the sufficiency of the evidence and accordingly, vacate Tayeh's conviction and remand with instructions for the trial court to issue a judgment dismissing Tayeh's conviction for possession of a dangerous drug in 18-CRB-03580.

## I. Background

{¶ 2} Tayeh was charged with four counts in 18-TRC-10337. Count 1 charged operating a vehicle while under the influence of alcohol or drugs in violation of Parma Cod. Ord. 333.01(A)(1); Count 2 charged operating a vehicle while not wearing a seatbelt in violation of Parma Cod. Ord. 337.295(B)(1); Count 3 charged failure to drive within marked lanes in violation of Parma Cod. Ord. 331.08; and Count 4 charged weaving while driving in violation of Parma Cod. Ord. 331.3. In 18-CRB-03580, Tayeh was charged with one count of possession of a dangerous drug in violation of former R.C. 4729.51(C)(3). The charges arose out of an incident that occurred on August 16, 2018, when the Parma police stopped Tayeh for erratic driving.

---

[1] The current version of R.C. 4729.51(C)(3) is reflected in R.C. 4729.51(E)(1)(c), which became effective March 22, 2019, after Tayeh's offense.

{¶ 3} Tayeh pleaded not guilty to all charges, and the cases proceeded to a bench trial. Parma police officer Richard Morgan testified that in his 13 years as a police officer, he had received special training regarding recognizing impaired drivers and administering Naloxone. Morgan said that as he and his partner were patrolling on State Road in Parma at approximately 2:00 a.m. on August 16, 2018, he observed a 2009 Porsche Cayenne that was "all over the road." Morgan turned around, followed the car, and observed it weaving, crossing lanes, and slowing down and speeding up for no apparent reason. Morgan activated the lights and siren on his cruiser, and the car pulled into the parking lot of a local business.

{¶ 4} Morgan testified that he approached the car and asked the driver, later identified as Tayeh, to get out of his car. Morgan said that Tayeh got out of the car but was unsteady on his feet and "very high energy" and "sweating profusely," and his answers to Morgan's questions were "jumbled." Morgan said that Tayeh appeared unable to stand on his own, so he asked him to get in the backseat of his car. Morgan said when Tayeh sat down in the car, he stopped talking and started foaming at the sides of his mouth, the pupils of his eyes became "pinprick," his eyes started rolling back into his head, and he slumped backward on the seat. Morgan said that even though Tayeh's chest was "just going a mile a minute" it looked like he was not breathing, so the officers pulled him out of the car, put him on the ground, and administered four doses of Naloxone. Morgan said the Naxolone "started bring him back around," and Tayeh's eyes opened a little bit. City of Parma firefighters arrived a short time later and transported

Tayeh to the hospital. Morgan testified that based on his experience and observations, Tayeh was impaired and under the influence of a drug of abuse or controlled substance during their encounter.

{¶ 5} Morgan testified that he went to the hospital shortly thereafter to talk to Tayeh, and believing that Tayeh had been operating a motor vehicle while under the influence of drugs, read the consent advice on the Bureau of Motor Vehicles ("BMV") Form 2255 to Tayeh and requested that he submit to a blood test. Tayeh refused. Morgan said he asked Tayeh if he had taken anything earlier, and Tayeh told him that he had taken four Tramadol pills earlier that evening. Morgan testified that Tramadol is a synthetic opiate, and he was unaware of any condition other than an opiate overdose that is reversed by Naxalone.

{¶ 6} Morgan testified that when he and his partner inventoried Tayeh's car, they found an unlabeled prescription bottle that contained Seroquel pills. Morgan said that when he asked Tayeh about the pills, Tayeh told him the pills belonged to his brother. Morgan confirmed that the Porsche Cayenne belonged to Tayeh, however, and that Tayeh was the only person in the vehicle when it was stopped.

{¶ 7} The city's Exhibit A, dash-cam video of Tayeh's driving as Morgan followed him and the subsequent stop, was played in court and admitted into evidence. The city's Exhibit B, a copy of BMV Form 2255 that Morgan read to Tayeh at the hospital, was also admitted.

**{¶ 8}** When Tayeh got up to testify in his defense, the trial judge asked him about the papers he was carrying. Tayeh told the court "this is my medical record blood work that I got done that day." The judge advised Tayeh that the papers were not exhibits at that point and he might or might not be able to use them or refer to them, and their admissibility would be determined by his testimony.

**{¶ 9}** Tayeh testified that he was on his way home from work the morning of August 16, 2018, and was "exhausted." He said his wife had a baby on July 28, 2018, and he was tired because he had been helping take care of the baby and working every day. He said he was not aware that he was driving erratically.

**{¶ 10}** Tayeh testified that he told Officer Morgan that he had taken four Tramadol pills earlier that evening, but said he told Morgan that only because Morgan "insisted" that he must have taken something.

**{¶ 11}** Tayeh testified that he had been addicted to Oxycodone and Tramadol for five years and left the country for three months to get off drugs, but he started taking Tramadol again after he injured his foot a few months before the incident. He admitted, however, that his Tramadol prescription was for two pills every six hours and did not provide for taking four pills at one time.

**{¶ 12}** On cross-examination, Tayeh again admitted that he told Officer Morgan that he had taken four Tramadol pills earlier that evening, but said the paperwork in his hands demonstrated that he did not "have anything in [his] system," and was not driving under the influence of drugs.

{¶ 13} When defense counsel said he had no redirect examination of Tayeh, Tayeh asked the judge about his paperwork. Upon questioning by the judge, defense counsel stated that he had looked through the papers, and they related to Tayeh's hospitalization after the August 16, 2018 incident. The judge told defense counsel that if the records "have some supposed relevancy, I'll reopen if you want to mark and arguably put into evidence." (Tr. 45.) Defense counsel told the judge that he did not want to offer the papers into evidence. The judge again confirmed with defense counsel that he had reviewed the records, and then asked counsel if the papers showed "any results relative to any presence of drugs." Defense counsel responded that "there doesn't seem to be any positive readings for the tests that were taken although I don't know how long those drugs would show up." (Tr. 46.) Defense counsel also told the judge that the papers were not certified, and further, that there could be an objection to their admission because Tayeh had refused the city's request for a blood test. The judge then stated that the documents would not be admitted into evidence. When Tayeh objected, the judge advised him that his lawyer had apparently concluded that the documents would not be admissible based upon lack of relevancy, lack of foundation, and Tayeh's refusal to take a blood test.

{¶ 14} The court then rendered its verdict. In 18-TRC-10337, the trial court found Tayeh guilty of Counts 1 and 3, driving while under the influence of alcohol or drugs, and failure to drive within marked lanes. The court found Tayeh not guilty of Counts 2 and 4, driving while not wearing a seatbelt and weaving while

operating a motor vehicle. In 18-CRB-03580, the court found Tayeh guilty of possessing a dangerous drug in violation of former R.C. 4729.51(C)(3).

{¶ 15} At sentencing, the court dismissed Counts 2 and 4 in 18-TRC-10337. On Count 1, it sentenced Tayeh to 180 days in jail with 1 day credit, 86 days suspended, 90 days deferred, and 3 days jail or 72-hour alcohol treatment, and a $1000 fine; on Count 4, the court sentenced Tayeh to a $45 fine plus court costs. The court also imposed 24 months of community control and suspended Tayeh's driver's license for 545 days, with privileges. In 18-CRB-03580, the court sentenced Tayeh to 180 days in jail, suspended, and imposed 24 months of community control. This appeal followed.

## II. Law and Analysis

### A. Ineffective Assistance of Counsel

{¶ 16} In his first assignment of error, Tayeh contends that he was denied his constitutional right to effective assistance of counsel.

{¶ 17} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has recognized that "the right to counsel is the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 18} To establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of

reasonable performance and that he was prejudiced by that deficient performance, such that but for counsel's error, the result of the proceedings would have been different. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205, citing *Strickland* at 687-688. In short, counsel's errors must be so serious as to render the result of the trial unreliable. *State v. Jamie*, 8th Dist. Cuyahoga No. 102103, 2015-Ohio-3583, ¶ 24. In evaluating a claim of ineffective assistance of counsel, a court must be mindful that there are countless ways for an attorney to provide effective assistance in a given case, and it must give great deference to counsel's performance. *Strickland* at 689.

{¶ 19} Tayeh contends that defense counsel was ineffective because (1) his medical records were "hugely relevant" to his defense that he was not under the influence of any drugs when he was stopped by the police, and counsel should have offered them into evidence; (2) counsel should have subpoenaed a hospital representative to authenticate the records to eliminate any hearsay objection to their admission; and (3) even though the court "invited" counsel to submit the medical records for admission, counsel acted against his client's interest by telling the court the documents would be subject to a hearsay objection and that Tayeh had likely waived their admission by refusing to submit to a blood test. Tayeh asserts that he was prejudiced by counsel's effectiveness because the documents in question would have demonstrated he was merely tired and not under the influence of drugs when he was driving home that morning, just as he testified, and the result of the trial would have been different.

{¶ 20} We find no ineffective assistance of counsel. Tayeh's ineffective assistance of counsel claim rests on an assumption that the documents would have demonstrated there were no drugs in his system. But such an assumption is not consistent with the facts of the case.

{¶ 21} Tayeh admitted that he took four Tramadol pills earlier in the evening. He also admitted to substantial drug abuse for many years. Officer Morgan, an experienced police officer with special training in recognizing impaired drivers, testified that Tayeh was overdosing at the time of their encounter — specifically, that he was "very high energy" and "sweating profusely" with "jumbled" speech, and then started foaming at the mouth, his chest started "going a mile a minute" although his respiration slowed dramatically, his pupils became "pinprick," his eyes rolled back into his head, and he slumped back in the seat. Morgan testified further that Tayeh started coming "back around" only after the officers administered four doses of Naxolone — an opiod antagonist that reverses the effect of an opiate overdose – to Tayeh.

{¶ 22} In light of the overwhelming evidence of Tayeh's overdose, we find nothing to suggest that the medical records had any exculpatory value, and that counsel should have attempted to introduce them. Despite Tayeh's argument otherwise, counsel's statement to the court that there did not appear to be any positive results for the tests done at the hospital does not demonstrate that the medical records were exculpatory because there is no indication in the record regarding what tests were administered. And the court did not "invite" counsel to

submit the documents because it was "inclined" to admit the documents; at most, the trial court stated that it would entertain arguments regarding their admissibility.

{¶ 23} A properly licensed attorney is presumed to perform his duties in an ethical and competent manner, *State v. Elliot*, 8th Dist. Cuyahoga No. 103472, 2016-Ohio-2637, ¶ 24, citing *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985), and we find nothing in this case to demonstrate that counsel was not competent. Counsel told the court that he had reviewed the documents prior to trial, as effective counsel would do; he then apparently made a decision to not seek their admission based on his conclusion they would not be helpful to Tayeh's defense, an admission he avoided making to the court by properly asserting that the uncertified documents were barred by hearsay and Tayeh's refusal to take a blood test. Trial tactics and strategies do not constitute a denial of effective assistance of counsel. *State v. Gooden*, 8th Dist. Cuyahoga No. 88174, 2007-Ohio-2371, ¶ 38, citing *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980). Counsel's strategy to avoid introducing the medical records to avoid their presumably negative impact on Tayeh's defense case cannot be considered ineffective. The first assignment of error is overruled.

## B. Sufficiency of the Evidence

{¶ 24} In his second assignment of error, Tayeh contends that the evidence was insufficient to support his conviction in 18-CRB-03580 for possessing a dangerous drug in violation of former R.C. 4729.51(C)(3).

{¶ 25} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001). '"The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."' *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶ 12, quoting *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 26} Tayeh was convicted of possessing a dangerous drug, Seroquel, in violation of former R.C. 4729.51(C)(3), which provided that with the exceptions noted in the statute, none of which applied to Tayeh, "no person shall possess dangerous drugs." A dangerous drug is one that may be dispensed only upon a prescription. R.C. 4729.01(F)(1)(b). Tayeh contends the evidence was insufficient to support his conviction because there was no evidence that the pills found in the unlabeled prescription bottle in his car were actually Seroquel. He further contends there was no evidence that Seroquel is, in fact, a dangerous drug.

{¶ 27} Officer Morgan testified that the drugs found in the unlabeled prescription bottle were Seroquel. He testified further that when he asked Tayeh

about the pills, Tayeh said the pills belonged to his brother. The question on a sufficiency analysis is whether the evidence, if believed, is sufficient to support the conviction. Officer Morgan's testimony that the pills were Seroquel, if believed, is sufficient to establish that the pills were in fact Seroquel.

{¶ 28} We agree with Tayeh, however, that the city presented no evidence that Seroquel is a dangerous drug. Officer Morgan offered no such testimony, and the prosecutor did not admit any documents to that effect. Our review of the record reveals that the parties and the judge appeared to know that Seroquel is a dangerous drug; in fact, in rendering its verdict, the court stated that Tayeh was guilty of violating former R.C. 4729.51(C)(3) because there was no evidence he had a prescription for Seroquel, and the pills were found in an unlabeled prescription bottle. But the city did not present any evidence that Seroquel is a dangerous drug that may only be dispensed upon a prescription, and the court did not state that it was taking judicial notice that Seroquel is a dangerous drug.

{¶ 29} The city argues that Tayeh possessed a dangerous drug in violation of the statute because he admitted the Seroquel pills were found in his car in an unmarked prescription bottle. We have no doubt the Seroquel pills belonged to Tayeh. But the city's possession argument does not address whether there was sufficient evidence to demonstrate that the pills Tayeh possessed are a dangerous drug. "The prosecutor must prove each and every element of the offense beyond a reasonable doubt," *State v. Carter*, 64 Ohio St.3d 218, 223, 594 N.E.2d 595 (1992), citing *Jackson v. Virginia*, 554 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and

a conviction based on legally insufficient evidence is a denial of due process. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997).

{¶ 30} Because there was insufficient evidence in the record to demonstrate that Seroquel is a dangerous drug, an element of the conviction, we vacate Tayeh's conviction for possessing a dangerous drug in violation of former R.C. 4729.51(C), and remand for the trial court to enter a judgment dismissing Tayeh's conviction in 18-CRB-03580. The second assignment of error is sustained.

{¶ 31} Vacated in part and remanded.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution. Case remanded to the trial court.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
RAYMOND C. HEADEN, J., CONCUR